**SANDERS LAW GROUP**
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 122977
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Steven Hirsch,
280 E. 10th Street, Apt. 29
Manhattan, New York 10009

                Plaintiff,

        v.

Sinclair Broadcast Group, Inc.,
10706 Beaver Dam Road
Cockeysville, Maryland 21030

                Defendant.

Case No:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Steven Hirsch ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Sinclair Broadcast Group, Inc. ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates photographic images and owns the rights to these photographs which Plaintiff licenses for various uses including online and print publications.

3. Defendant owns and operates a website known as cbs12.com ("*Website 1*").

4. Defendant also owns and operates a website known as azteca48.com ("*Website 2*")

5. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's Photograph on Website 1 and Website 2 (collectively

"*Websites*" and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6. Plaintiff Steven Hirsch is an individual who is a citizen of the State of New York and maintains a principal place of business at 280 E. 10th Street, Manhattan in New York City, New York.

7. Upon information and belief, Defendant Sinclair Broadcast Group, Inc., is a Maryland Corporation with a principal place of business at 10706 Beaver Dam Road, Cockeysville in Baltimore County, Maryland and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over Sinclair Broadcast Group, Inc. because it maintains its principal place of business in Maryland.

10. Venue is proper under 28 U.S.C. §1391(a)(2) because Sinclair Broadcast Group, Inc. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

11. Plaintiff is a professional photographer by trade who is the legal and rightful owners of photographs which it licenses to online and print publications.

12. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

13. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

14. Plaintiff's photographs are original, creative works in which Plaintiff owns

protectable copyright interests.

15. Upon information and belief, Sinclair Broadcast Group, Inc. is the registered owner of the Websites and is responsible for its content.

16. Upon information and belief, Sinclair Broadcast Group, Inc. is the operator of the Websites and is responsible for its content.

17. The Websites are popular and lucrative commercial enterprises.

18. The Website are monetized in that they contain paid advertisements and, on information and belief, Defendant profits from these activities.

19. On June 8, 2017, Plaintiff Steven Hirsch authored a photograph of Cameron McDermott (the "*Photograph*"). A copy of the Photograph is attached hereto collectively as Exhibit 1.

20. Plaintiff applied to the USCO to register the Photograph on or about June 22, 2017 under Application No. 1-4865742791.

21. The Photograph was registered by USCO on June 22, 2017 under Registration No. VA 2-056-108.

22. On February 4, 2021, Plaintiff observed the Photograph on Website 1 in a story dated February 21, 2018. A copy of the screengrab of Website 1 including the Photograph is attached hereto collectively as Exhibit 2.

23. The Photograph was displayed on Website 1 at URL: https://cbs12.com/news/local/gallery/serial-rapist-linked-to-treasure-coast#photo-4.

24. The Photograph was stored on Website 1 at URL: https://3gz8cg829c.execute-api.us-west-2.amazonaws.com/prod/image-renderer/original/full/472/center/80/4fa12b23-3df3-466a-bd1d-61ffe81319be-CameronMcDermott3.jpg.

25. On February 4, 2021, Plaintiff further observed the Photograph on Website 2 in a story dated February 21, 2018. A copy of the screengrab of Website 2 including the Photograph is attached hereto collectively as Exhibit 2.

26. The Photograph was displayed on Website 2 at URL:

https://azteca48.com/news/local/menor-de-edad-pudo-haber-estado-muerta-por-dos-dias-declaro-medico-forense.

27. The Photograph was stored on Website 2 at URL: https://static-16.sinclairstoryline.com/resources/media/3a9aa6d3-e2d1-4a92-92e5-b225c30cc219-medium36x25_CameronMcDermott3.jpg?1519249844526.

28. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and displayed Plaintiff's copyright protected Photograph as is set forth in Exhibit "1" on the Websites.

29. Upon information and belief, the Photograph was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter singularly the "*Infringement"* and collectively the "*Infringements*").

30. Each Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

31. Each Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendant on the Websites.

32. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Websites, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

33. Upon information and belief, Defendant directly contributes to the content posted on Website 1 by, inter alia, directly employing reporters, authors and editors as its agents, including but not limited to Gary Detman in which Website 1 lists him as a Digital Content Producer. In addition, upon information and belief, Defendant directly contributes to the content posted on Website 2 by, inter alia, directly employing reporters, authors, and editors, as its agents, including but not limited to Carlos Mahecha in which Website 2 lists him as a

4

Journalist. (collectively "Employees").

34. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringements.

35. Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringements.

36. Upon information and belief, the Photographs were willfully and volitionally posted to the Websites by Defendant.

37. Upon information and belief, the Infringements were not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

38. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

39. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Websites.

40. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Websites and exercised and/or had the right and ability to exercise such right.

41. Upon information and belief, Defendant monitors the content on its Websites.

42. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

43. On information and belief, the Infringements increased traffic to the Websites and, in turn, caused Defendant to realize an increase in its advertising revenues.

44. On information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Websites.

45. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

46. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

47. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

48. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

49. The Photograph is an original, creative work in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

50. Plaintiff has not licensed Defendant the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

51. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

52. Defendant's reproduction of the Photograph and display of the Photograph on the Websites constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

53. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

54. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

55. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

**JURY DEMAND**

56.     Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a. finding that Defendant infringed upon Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: September 16, 2021            **SANDERS LAW GROUP**

By:  */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
*Attorneys for Plaintiff*